UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
**JUN 1 0 2014**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

RORY CAVANAUGH WILSON, )
)
Plaintiff, )
)
v. ) Civil Case No. 13-00506 (RJL)
)
U.S. PARK POLICE, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION
(June 7, 2014) [Dkt. ##10, 11, 14]

Plaintiff Rory Cavanaugh Wilson ("plaintiff") filed this action on April 15, 2013 against the United States Park Police, the Department of the Interior, four named Park Police Officers in their individual and official capacities, and two unnamed Park Police Officers in their individual and official capacities, seeking damages pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"), and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Complaint ("Compl.") at ¶¶ 3-4 [Dkt. #1]. Now before the Court are plaintiff's Motion for Default Judgment [Dkt. #10], defendants' Motion to Substitute the United States as the Party Defendant [Dkt. #11], and defendants' Motion for Partial Dismissal of Complaint [Dkt. #14]. Upon consideration of the parties' pleadings, the entire record in this case, and relevant law, the Court GRANTS defendants' Motion to Substitute the United States as the Party Defendant, GRANTS defendants' Motion for Partial Dismissal of Complaint,

1

and DENIES plaintiff's Motion for Default Judgment as moot.

## BACKGROUND

On June 1, 2011, plaintiff was sitting at the Navy Memorial in Washington, D.C., when U.S. Park Police Officers Hayes and Swope approached him and told him he needed to move along. *See* Compl. at ¶ 6. As plaintiff was leaving the area, the officers allegedly tackled him to the ground and handcuffed him. *See id.* While handcuffed on the ground, plaintiff alleges that Park Police Officer Fennely shot him several times with his taser, causing plaintiff's body to go limp. *See id.* The officers then arrested plaintiff and took him into custody.[1] *See id.* Plaintiff's collar bone was broken during the altercation. *See id.*

On April 15, 2013, plaintiff filed a two-count complaint alleging tortious conduct and violation of his civil rights, pursuant to the FTCA and *Bivens*, respectfully. *See* Compl. at ¶¶ 3-4. A summons was served on the Office of the United States Attorney on May 28, 2013. *See* May 28, 2013 Proof of Service at 1 [Dkt. #3]. On June 7, 2013, summonses for defendants Fennely, Hayes, Swope, and Chambers were served on "Captain Michael Libby, who is designated by law to accept service of process on behalf of [the] United States Park Police." *See* June 7, 2013 Proof of Service at 3-6 [Dkt. #3]. On November 12, 2013, case management orders were served on "Barbara Banks,

---

[1] Plaintiff was later acquitted at trial of all charges against him stemming from the incident. *See* Compl. at ¶ 7.

Supervisor, Park Police Data," for the four named defendants. *See* Nov. 12, 2013 Proof of Service [Dkt. #9].

## ANALYSIS

### I. Motion to Substitute United States as the Party Defendant

On January 29, 2014, defendants moved to substitute the United States as the party defendant for all FTCA claims brought against the named defendants in their individual capacities. *See* Motion to Substitute the United States as the Party Defendant at 1. Attached to defendants' motion was a certification by the Office of the United States Attorney for the District of Columbia—commonly referred to as a Westfall Certification[2]—stating that defendants Hayes, Swope, Fennely, and Chambers were employees of the Government, and that they were acting within the scope of their employment at all times during the events that allegedly gave rise to plaintiff's claims. *See* Certification [Dkt. #11-1].

The FTCA is the "exclusive remedy for a tort committed by a federal official or employee within the scope of his employment." *Ali v. Rumsfeld*, 649 F.3d 762, 768 (D.C. Cir. 2011). The FTCA provides that:

> The remedy against the United States . . . for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or

---

[2] The Westfall Act provides that the Attorney General may certify that a government officer or employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1).

> employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim.

28 U.S.C. § 2679(b)(1). Government employees sued in their individual capacities for acts committed within the scope of their official duties are not proper defendants to any claim brought under the FTCA. *See Harbury v. Hayden*, 522 F.3d 413, 416 (D.C. Cir. 2008) ("Under the FTCA, plaintiffs may sue the United States in federal court for state-law torts committed by government employees within the scope of their employment . . . [b]ut the FTCA does not create a statutory cause of action against individual government employees."); *Void-El v. O'Brien*, 811 F. Supp. 2d 255, 259 (D.D.C. 2011).

Once a Westfall Certification is submitted, "any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States . . . and the United States *shall be substituted* as the party defendant." 28 U.S.C. § 2679(d)(1) (emphasis added). Such a certification has been made here. Accordingly, this Court must GRANT defendant's Motion to Substitute the United States as the Party Defendant as to plaintiff's claims brought under the FTCA. See Compl. at ¶ 12. The United States is thus the sole remaining defendant with respect to plaintiff's FTCA claims.

## II. Motion for Partial Dismissal of Complaint

Because the United States is substituted as the only proper defendant for the plaintiff's FTCA claims, the only claims remaining against the individually named

4

defendants are those brought pursuant to *Bivens*. *See* Compl. at ¶ 13. On January 31, 2014, defendants moved for dismissal of the complaint as to all individually named defendants. Defendants argue that dismissal is warranted on numerous grounds, including pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(1), (2), (4), (5), (6). *See* Motion for Partial Dismissal of Complaint at 1. As the parties' pleadings raise questions about the sufficiency of service in this case, a discussion of whether service of process was properly affected is required.

The plaintiff bears the burden of establishing that he has properly effectuated service on all defendants named in the complaint. *See Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). Effective personal service of process on a defendant, or waiver thereof, is a "prerequisite to the Court's exercise of personal jurisdiction over a defendant." *McAlister v. Potter*, 843 F. Supp. 2d 117, 119 (D.D.C. 2012) (citing *Murphy Bros. Inc. v. Michetti Pipe Stringing Inc.*, 526 U.S. 344, 350 (1999)). When a defendant challenges the sufficiency of service, the plaintiff must show that "the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." *See Light*, 816 F.2d at 751 (quoting C. Wright & A. Miller, *Federal Practice and Procedure* § 1083, at 334 (1969)). If the plaintiff fails to meet this burden, the court may dismiss the complaint for ineffective service of process. *See* Fed. R. Civ. P. 12(b)(5); *Simpkins v. Dist. of Columbia Gov't*, 108 F.3d 366, 368-69 (D.C. Cir. 1997). Indeed, Rule 4 states that the court must dismiss an action when the plaintiff fails

to serve the defendant within 120 days the complaint being filed. *See* Fed. R. Civ. P. 4(m).

When an officer or employee of the government is sued in his or her individual capacity, as is the case here, personal service on the officer or employee is required. *See* Fed. R. Civ. P. 4(i)(3). Personal service can be affected by doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Unfortunately for the plaintiff, none of these methods of service were ever completed.

The summonses served by the plaintiff's process server on June 7, 2103—and filed with the Court on June 23, 2013—clearly state that they were served on "Captain Michael Libby, who is designated by law to accept service of process *on behalf of [the] United States Park Police.*" *See* June 7, 2013 Proof of Service at 3-6 (emphasis added). Nowhere does plaintiff allege that Captain Libby is "an agent authorized by appointment or by law to receive service of process" on behalf of Officers Fennely, Hayes, Swope, and Chambers in their individual capacities. *See* Fed. R. Civ. P. 4(e). The summons served on Barbara Banks on November 12, 2013 suffers from the same deficiency; plaintiff has made no claim, nor shown any evidence, that Ms. Banks was an agent authorized to receive service of process on behalf of the defendants in their individual capacities.

As of January 31, 2014, more than nine months since plaintiff filed the complaint in this action, plaintiff has submitted no evidence that he has attempted to affect personal service on the individually named defendants. Because plaintiff failed to personally serve the individual defendants within 120 days of filing the complaint, the Court must dismiss the *Bivens* claims as to Officers Fennely, Hayes, Swope, and Chambers in their individual capacities.[3]

## CONCLUSION

Thus, for all the foregoing reasons, the Court GRANTS defendants' Motion to Substitute the United States as the Party Defendant [Dkt. #11], GRANTS defendants' Motion for Partial Dismissal of Complaint [Dkt. #14], and DENIES plaintiff's Motion for Default Judgment [Dkt. #10] as moot. Accordingly, the only remaining claim in this action is contained in Count I of the complaint, brought against the United States of America pursuant to the Federal Tort Claims Act. An Order consistent with this decision accompanies this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge

---

[3] Because I have determined that plaintiff failed to affect personal service on the individual defendants, an in-depth discussion of plaintiff's Motion for Default Judgment is unnecessary, as it is rendered moot by this Memorandum Opinion and the accompanying Order.